# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT

Name (under which you were convicted)

**KANE STACKHOUSE**    DOCKET No: **No. 85772 *see also* 98164**

Place of Confinement: **SOUTH CENTRAL CORRECTIONAL FACILITY**

**KANE STACKHOUSE**    V.    **STATE OF TENNESSEE**
Petitioner                       Respondent:

The Attorney General of the State of Tennessee
**HERBERT H. SLATERY III**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Knox County Criminal Court**

   (b) Criminal docket or case number (if you know): **85772**

2. (a) Date of judgment of conviction (if you know): **December 10, 2008**

   (b) Date of sentencing: **December 10, 2008 (life); March 26, 2009; (Esp. Agg. Rob)**

3. Length of sentence: **Life w/parole and 23 years to run consecutive**

4. In this case, were you convicted on more than one count or more than one crime?

   Yes X☒    ☐No

5. Identify all crimes of which you were convicted and sentenced in this case:

6. (a) what was your plea? (Check one)

   (1) Not Guilty **X**    (3) Nolo contendere (no contest)

   (2) Guilty             (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to? **N/A**

1

(c) If you went to trial, what kind of trial did you have?

    Jury **X**        Judge only

7. Did you testify at a pretrial hearing trial or post-trial hearing?

    Yes        No **X**

8. Did you appeal from the judgment of conviction?

    Yes **X**        No

9. If you did appeal answer the following:

(a) Name the Court: **Knox County Criminal Court**

(b) Docket and case number (if you know)? **Knox County Criminal Court No. 85772.**

(c) Result: **remanded to trial court for merger of conviction pursuant to plain error review.**

(d) Date of result (if you know): **Nov. 12, 2010**

(e) Citation to the case (if you know): **State v. Stackhouse, 2010 Tenn. Crim. App. LEXIS 954 (Tenn. Crim. App. Nov. 12, 2010,)**

(f) Grounds raised: **Whether Petitioner's statements on Nov. 15, 2006 where unconstitutionally obtained under the 4th & 5th Amendment to the United States Constitution.**

(g) Did you seek further review by a higher state court?
Yes **X** No
If yes, answer the following:

(1) Name of Court: **Tennessee Supreme Court**

(2) Docket or Case number (if you know): **Tennessee Supreme Court No. 85772**

(3) Result: **Application denied**

(4) Date of result (if you know): **Jan. 16, 2014**

(5) Citation to the case (if you know) **State of Tennessee v. Kane Stackhouse 2014 Tenn. LEXIS 74 No. E2009-01669-SC-R11-CD**

(6) Grounds raised: **Whether the trial court erred in overruling Petitioner's Motion to Suppress**

(h) Did you file a petition for certiorari in the Untied States Supreme Court?

2

Yes ____ No **X**
If yes, answer the following:

(1) Name of court:_____

(2) Result: _____

(3) Date of result (if you know) _____

(4) Citation to the case (if you know)_____

10. Other than direct appeal listed above, have you previously filed any other petitions, applications. or motions concerning this judgment of conviction in any state court?
Yes **X** No ____

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of Court: **Knox County Criminal Court**

  (2) Docket or case number (if you know) **Knox County Criminal Court No. 98164**

  (3) Date of filing (if you know) **October 20, 2010**

  (4) Nature of the proceeding: **Petition for Post-Conviction Relief**

(5)  Grounds raised: **(1)Conviction was based on use of coerced confession; (2) Conviction was based on a violation of the privilege against self-incrimination; (3) Conviction was based on a violation of the protection aginst double jeopardy; (4) Denial of effective assistance of counsel; Illegal evidence; (5) Judge not coherent of Petitioners' case because conviction against Judge for drug offenses**

(6)

  (6) Did you receive a hearing where evidence was given on your petition, application, or Motion?
  Yes **X** No ____

  (7) Result: **Petition for Post-Conviction Relief denied**

  (8) Date of result (if you know): **July 14, 2020**

(b) If you filed any second petition, application or motion, give the same information:

  (1) Name of Court: **Knox County Criminal Court**

  (2) Docket or case number (if you know) **Knox County Criminal Court No. 85772**

  (3) Date of filing (if you know) **Oct. 20, 2011**

3

(4) Nature of the proceeding: **Motion to Correct Illegal sentence pursuant to Rule 36.1**

(5) Grounds raised: **THE CONVICTION AND SENTENCE PETITIONER RECEIVED AT TRIAL CONSTITUTES A VIOLATION OF DOUBLE JEOPARDY AND DUE PROCESS**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes      No **X**

(7) Result: **Judgment Corrected**

(8) Date of result (if you know): **Sept. 8, 2020**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of Court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding:

(5) Grounds for relief: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐    No ☐

(7) Results: _____

(8) Date of result (if you know) _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petitioner, application or motion?

(1) First petition:    Yes **X**    No
(2) Second petition:    Yes **X**    No
(3) Third petition:    Yes    No
(e) If you did not appeal to the highest state court having jurisdiction explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have

4

more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** **INEFFECTIVE ASSISTANCE OF COUNSEL;**

1. Counsel Mark Stephens was ineffective for failing to have Judge Richard R. Baumgartner recused base on a conflict of interest;

2. Counsel Richard L. Gaines was ineffective for waiving any appellate challenge to the admissibility of his statement based upon a violation of Rule 5(a) by abandoning the argument at the evidentiary hearing;

3. Counsel Richard L. Gaines was ineffective for failing to advise petitioner that his appeal had been denied in the CCA;

4. (a) Counsel ineffective for failing to argue official latent print results to the jury;

    (b) counsel failed to argue that two lead fragments were not linked to weapon used by petitioner;

    (c) counsel failed to object to leading statement by prosecutor;

5. Counsel failed to argue that the official serology/DNA report indicated that there was "no evidence of close range firing."

6. Counsel failed to object to irrelevant testimony and evidence presented at trial during the testimony of Micheal McMahan and Aaron Allen's direct testimony;

7. Counsel failed to object to testimony of Micheal McMahan and Anthony Noble;

8. Counsel was ineffective for failing to object to testimony of Micheal Wayne McMahan;

9. Counsel failed to have Mr. Parks testimony redacted from the record, or for failing to have the judge instruct the jury to disregard testimony regarding blood spatter in Exhibit #12;

10. Counsel was ineffective for failing to argue insufficient evidence to convict;

11. Counsel was ineffective for failing to file a Motion to Suppress petitioner's statement because it was obtained in violation of the Fourth and Fifth amendment, thus being the product of the fruit of the poisonous tree.

(a) Supporting facts (Do not argue or cite law, just state the specific facts that support your claim):

Trial counsel was aware that the Stated intended to present evidence from law

5

enforcement officers officers to show that the petitioner had confessed to shooting the victim in this case. Trial counsel, in pre-trial proceedings, failed to suppress the admission of these incriminating statements. However, the trial court ruled the statements admissible. Given the petitioner had no credible means of rebutting evidence that the victim was shot and killed, and knowing that the petitioner's confession to the crime would be admitted as substantive evidence during the states' case, the petitioner had no effective rebuttal to the state's case other than the petitioner's own testimony to explain and rebut his extrajudicial confession. If the petitioner sought to contest the allegations that he shot and robbed the victim, he had no reasonable choice but to explain to the jury why he had confessed to the crime and to then rebut that confession. The petitioner sought to present his testimony at the post-conviction hearing in support of his argument that he should have testified at trial to explain and rebut his extrajudicial confession.

Moreover, petitioner noted he suffered from alcohol abuse and prescription medication abuse, despite this history of mental impairment, however, Stackhouses' trial attorney never discussed with him the possibility of any defense based on mental condition. Trial counsel even recognized his own failings in this regard, when he testified at the post-conviction hearing that it wasn't entirely clear to him whether petitioner had a mental issue. Trial counsel implicitly acknowledged his error in this regard when he noted that he might have been able to find an expert witness to develop the mental issue claim. Trial counsel added that he "regretted not going ahead getting petitioner evaluated" for mental health issues. If petitioner did not suffer from a mental health impairment, then trial counsel's failure to keep petitioner apprised of the State's case against him, was error, because it prevented petitioner from any meaningful participation in his own defense,including the decision whether to testify on his won behalf; instead, petitioner remained "baffled" by what was happening at trial. Petitioner assert that his testimony would have helped the jury understand that the killing of the victim was an accident, and that he was not in his "right mind".

The failure of the trial attorney to provide petitioner with documents, videos, and recordings provided by the State as pre-trial discovery also fell below the expected minimum competency expected of criminal defense attorney. Trial counsel did not meet with him to explain or discuss the trial proceedings, or to provide him with pre-trial discovery from the State. The trial attorney agreed that he did not play any electronic discovery from the State. Counsel agreed that he did not play any electronic discovery Stackhouse, but only gave him summaries.

6

Petitioner assert that the cumulative effect of these errors met the requisite standard of clear and convincing proof so as to merit a new trial. Under the cumulative doctrine, considered in the aggregate, undermined the fairness of the trial such that a reversal petitioner's conviction is necessary. The multiple errors of trial counsel demonstrated in the aggregate demonstrated the collective deficiencies of trial counsel' representation, and constituted prejudicial error in the aggregate. For this reason, the trial court committed legal error by failing to grant post-conviction relief to your Petitioner based on the cumulative error doctrine.

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes    No **X**

    (2) If you did not raise this issue in your direct appeal, explain why: **Ineffective Assistance of Counsel cannot be argued on Direct Appeal**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    Yes **X**    No

    (2) If your answer to Question (d) (1) is "Yes," state:

    Type of motion or petition: **Petition for Post-Conviction**

    Name and location of the court where the motion or petition was filed: **Criminal Court for Knox County Tennessee**

    Docket or case number (if you know): **98164**

    Date of the court's decision: **August 16, 2019**

    Result (attach a copy of the court's opinion or order, if available): **Petition for Post-Conviction Relief denied (see attached)**

    (3) Did you receive a hearing on your motion or petition?
    Yes **X**    No

    (4) Did you appeal from the denial of your motion or petition?
    Yes **X**    No

(5) If your answer to Question (d) (4) was "Yes," did you raise this issue in the appeal?
Yes **X**    No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Court of Criminal Appeals for Knoxville, Tennessee**

Docket or case number (if you know): **E2019-01651-CCA-R3-PC**

Result (attach a copy of the court's opinion or order, if available): **Trial Court Affirmed**

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO: THAT PETITIONER'S RIGHT TO A FAIR, AND IMPARTIAL TRIAL WAS VIOLATED AND ABRIDGED IN THAT HE WAS TRIED BEFORE THE LATE RICHARD BAUMGARTNER**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Petitioner assert that before, during and after his jury trial in Case No. 85772 on the charge of first degree murder, the late Honorable Judge Richard Baumgartner was completely and totally addicted to prescription drugs and alcohol. Honorable Baumgartner was suffering from severe and disabling medical issues and was in ill health. His addiction to prescribed and (at times unprescribed) pain pills resulted from the ill health and disabling medical issues. At the time of petitioner's first degree murder trial, Judge Baumgartner was engaging in illegal activity, which resulted in the judge pleading guilty to a felony offense of official misconduct while sitting as an officer of the court. (see Docket No. 96703, plea March 10, 2012). During petitioner's trial Judge Baumgartner would often doze off, and seem not to be able to speak clearly or understand counsel's questions, objections, or witnesses testimony. Judge Baumgartner displayed erratic behavior, like halting the trial numerous times for no apparent reason and then taking an extremely long time for recesses.**

**Petitioner would ask this Honorable court to take Judicial Notice of the numerous newspaper and website articles on the problems and issues surrounding Judge Baumgartner's woes and conduct while on the bench which were extensively written about and covered in the**

Knox New Sentinel and o Knox News.com., and the Order of Special Judge Jon Kerry Blackwood in the case of Letalvis Cobbins, Lemaricus Davidson, and George Thomas (Knox County Docket No. 86216 A,B,C,) who had information which Pewtitioner and Post Conviction counsel do not, but based on this information, Judge Blackwood saw fit to set aside a capitol murder conviction based on the conduct of Judge Baumgartner and which ruling the Tenness Court of Criminal Appeals upheld in : STATE OF TENNESSEE V. COBBINS, DAVIDSON, AND THOMAS E201000448CCA-R10-DD (April 13, 2012). Petitioner would ask if the court refuses to take Judicial Notice as is requested, that the court all extensive discovery.

Petitioner maintain that his due process rights to a fair and impartial trial were violated when Judge Baumgartner was so impaired by drug, and alcohol addiction and health issues which made the judge incapable of action as a 13h juror or presiding with a clear and rational mind over petitioner's trial. Petitioner assert that Judge Baumgartner's behavior and conduct was so erratic, dysfunctional and impaired that this conduct amounted to "structural error" that compromised the process and rendered the trial fundamentally "unfair or and unreliable vehicle for determining guilt or innocence as required under Supreme Court Law of the Land, thus the judge's actions cause the trial to be "fatally flawed".

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes **X**      No

    (2) If you did not raise this issue in your direct appeal, explain why: **Counsel failed to preserve the issue by failing to raise it in his Motion for New Trial**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion for habeas corpus in a state trial court?
        Yes **X**      No

    (2) If your answer to Question (d) (1) is "Yes," state:

    Type of motion or petition: **Petition for Post-Conviction Relief**

    Name and location of the court where the motion or petitioner was filed: **Criminal Court for Knox County Tennessee**

Docket or case number (if you know): **98164**

Date of Court's decision: **August 16, 2019**

Result (attach a copy of the court's opinion or order, if available) **Petition for Post-Conviction Relief denied (see attached)**

(3) Did you receive a hearing on your motion or petition?
    Yes **X**    No

(4) Did you appeal from the denial of your motion or petition?
    Yes **X**    No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?
    Yes **X**    No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: **Court of Criminal Appeals for Knoxville, Tennessee**

Docket or case number (if you know): **E2019-01651-CCA-R3-PC**

Date of the court's decision: **July 14, 2020**

Result: (attach a copy of the court's opinion or order if available): **Petition for Post-Conviction Relief denied (see attached)**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law, just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes    No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

10

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a trial court?
    Yes        No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of Court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?
    Yes    No

(4) Did you appeal from the denial of your motion or petition?
    Yes      No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?
    Yes      No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result: (attach a copy of the court's opinion or order if available):

(7) If your answer to Question (d) (4) or (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim: _

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
     Yes    No

(2) If you did not raise this issue in your direct appeal, explain why: _

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
     Yes    No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petitioner was filed: Docket or case number (if you know):

Date of Court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?
     Yes    No

(4) Did you appeal from the denial of your motion or petition?
     Yes    No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?
     Yes    No

  (6) If your answer to Question (d) (4) is "Yes," state:
  (7)
Name and location of the court where the appeal was filed:

Docket or case number (if you know)

Date of the court's decision:

Result: (attach a copy of the court's opinion or order if available):

 7) If your answer to Question (d) (4) or (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

12

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?
    Yes    No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them. **NO**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?
    Yes    No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding the issued raised, the date of t he court's decision, and the result for each petition, application or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes         No
16.
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issue raised.

17. Give the name and address, if you know of each attorney who represented you in the following judgment you are challenging:

    (a) At preliminary hearing:    **Mark Stephens, 806 West Main St. Ste. 100 Knoxville, Tn. 37902**

    (b) At arraignment and plea: **Mark Stephens, Knoxville, Tennessee**

    (c) At trial:  **Richard R. Gaines, 500 West Main St. Ste. 950 Knoxville, Tn. 37902**

    (d) At sentencing:  **same as 17(c)**

    e) On appeal:  **same as 17(c)**

    (f) In any post-conviction proceeding:  **Gerald L. Gulley, 706 Walnut St. Ste. 302 Knoxville, Tennessee 37902**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **Gerald L. Gulley, 706 Walnut St. Ste. 302 Knoxville, Tennessee 37902**

13

18. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ___ No **X**

   (a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: **N/A**

   (b) Give the date the other sentence was imposed: **N/A**

   (c) Give the length of the other sentence: **N/A**

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? **N/A**
   Yes ___ No ___

19. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

\* The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-----
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by Sate action in violate of Constitutional laws of the United States is removed, if the applicant was prevented from filing such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

THEREFORE, Petitioner moves this Honorable Court to GRANT the following relief:

1) Appoint counsel to represent petitioner in his timely petition;
2) Grant a hearing and/or Writ; and/or
3) any other relief to which petitioner may be entitled.

*Kane Stackhouse*
Signature of Petitioner Pro Se

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that his Petition for Writ of Habeas Corpus was placed in the prison mailing system on this 11th day of Jan, 2020

_____
Executed (signed) on (date).

*Kane Stackhouse*
Signature of Petitioner Pro Se